WESTERN ELECTRIC CO. v. ROCHESTER TELEPHONE CO. et al.

(Circuit Court of Appeals, Second Circuit. January 17, 1906.)

No. 39.

PATENTS—INVENTION—TELEPHONE SWITCHBOARDS.

The Scribner & McBerty patent, No. 559,411, for a signaling apparatus for telephone switchboards, is void for lack of patentable invention in view of the prior art.

Appeal from the Circuit Court of the United States for the Western District of New York.

This cause comes here upon appeal from a decree of the Circuit Court, Western District of New York, dismissing a bill of complaint in a suit in equity for alleged infringement of United States patent 559,411, granted May 5, 1896, to complainant as assignee of Charles E. Scribner and Frank R. McBerty for improvements in apparatus for telephone switchboard. The opinion of the Circuit Court is reported in 132 Fed. 814.

Edward Rector, for appellant.

C. A. Brown, for appellees.

Before WALLACE, LACOMBE, and TOWNSEND, · Circuit Judges.

PER CURIAM. We find it unnecessary to add anything to the very full and careful discussion of the issues and testimony which is contained in the opinion of Judge Hazel, who heard the cause at circuit. While we do not find in any single prior patent a distinct anticipation, we fully concur in his conclusion that the device of the patent "was a mere improvement without involving the exercise of inventive faculty." There is a wide difference and an extended controversy between the experts for the respective sides as to opinions, theories, and deductions, but as to the facts which establish the prior art there is really no conflict, nor, indeed, any ground for conflict, since they are set forth in written documents, the earlier patents which have been put in evidence. Moreover, these patents, or at least the four or five most important of them, are both in specifications and drawings very clearly expressed. When once familiarity with the nomenclature and the elementary features of the art (about which there is no dispute) is acquired, the character and functions of the respective structures are found to be clearly displayed therein. Indeed, they are far more illuminative than are some of the so-called "simplified diagrammatic drawings" which have been put in evidence. If the expert who is called to testify in such causes would only appreciate that he is not addressing electrical engineers, but laymen, and if, when undertaking to describe what some particular patent showed to a man skilled in the art, he would take the specifications and drawings of the patent as his text, instead of some conventional paraphrase of his own devising with its lettering entirely changed, he would materially lighten the labor of the court.

At the close of a very long record one of the patentees finally stated the improvement of the patent to be the devising of a "system of supervisory signals in which the interruption of the talking current in the line circuit is caused to apply the current or power for displaying the positive supervisory signal, which current or power is later withdrawn when the plug is withdrawn from the jack, permitting the signal to disappear." This "system" is brought about by a rearrangement of old parts, and in the literature of the art these parts had already been brought together in such a variety of ways, and there had been so many substitutions of one device for another, so many methods shown of controlling one current by another and of displaying and obscuring signals, such a transposition of parts and shifting of currents that it seems to us entirely clear that the rearrangement of the patentees, clever though it may have been and in its details perhaps novel, was nevertheless one of those minor improvements which was easily within the ordinary skill of the telephone engineer. The case seems to come within the views expressed in Atlantic Works v. Brady, 107 U. S. 199, 200, 2 Sup. Ct. 225, 27 L. Ed. 438, and peculiarly within those expressed in Thomson Houston Elec. Co. v. Western Elec. Co. (C. C.) 65 Fed. 619.

The decree is affirmed, with costs.